### TULLOCK et al. v. WEBSTER COUNTY et al.

*(Circuit Court, D. Nebraska. December 26, 1889.)*

REMOVAL OF CAUSES—RIGHT TO REMOVE.

On appeal by a tax-payer to the district court from an allowance of a claim by the county supervisors, as provided by Comp. St. Neb. p. 855, § 1010, the appellee, being the party who is bound to establish his claim, must be regarded as plaintiff, and, as such, has no right of removal to the federal court on account of local prejudice, under the act of March 3, 1887, which gives such right to the defendant only.

On Motion to Remand.

*Mason & Whedon*, for plaintiffs.

*G. M. Lambertson*, for defendants.

BREWER, J. This case is before me on motion to remand. I notice but a single question. The facts are these: The petitioners, under con-

tract with the county of Webster, constructed a bridge over the Republican river. When the work was done they presented a bill to the county supervisors, which account was audited and allowed. Under the peculiar provisions of the Nebraska statutes, any tax-payer, by giving bond, can appeal to the district court from such allowance, and one James Mc-Neny, under this statute, so appealed. After the case was docketed in that court, these petitioners filed a petition and bond for removal to the federal court, on the ground of local prejudice. Now, the act of March 3, 1887, which was in force at the time, gives the right of removal to the defendant only; and that the petitioners were plaintiffs in fact as well as plaintiffs in form there can be no doubt. The sections of the statute referring to this matter are found on page 293 of the Compiled Statutes of Nebraska, and one of them reads as follows:

"The clerk of the board, upon such appeal being taken, and being paid the proper fees therefor, shall make out a complete transcript of the proceedings of the board relating to the matter of their decision thereon, and shall deliver the same to the district court; and such appeal shall be entered, tried, and determined the same as appeals from justice courts, and costs shall be awarded thereon in like manner." Section 39.

It will be perceived that by it appeals are to be entered, tried, and determined as appeals from a justice court; and from page 855 and section 1010, same volume, we find the rule thus given as to appeals from justices' courts.

"The plaintiff in the court below shall be plaintiff in the district court, and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in the said court."

In the proceeding before the county supervisors the petitioners were the actors,—the parties who were bound to establish their claim. They were the plaintiffs. So, when the case comes to the district court for trial they are still the actors. On them rests the burden. They must prove their claim; and, failing so to do, their case will be dismissed. In the petition filed in the district court the petitioners style themselves plaintiffs. Their counsel sign their names as attorneys for "plaintiffs." The papers are entitled "A. J. Tullock & Co. vs. The County of Webster." And even in their brief filed in this motion the petitioners are spoken of as the plaintiffs. So they are in form the plaintiffs, and so treated through all the proceedings; and they are in fact the plaintiffs, on whom the burden of the case rests. Hence, under the statutes, they have no right of removal, and the motion to remand must be sustained.